ELLIOTT N. TIOMKIN, ESQ. (SBN 248737)
LAW OFFICES OF ELLIOTT N. TIOMKIN
16133 Ventura Boulevard, Suite 700
Encino, California 91436
(310) 774-1437 telephone
(310) 919-3744 facsimile
etiomkin@gmail.com electronic mail

Attorneys for Plaintiff Elizabeth Flores

### IN THE UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLORES,<br><br>        Plaintiff,<br><br>        vs.<br><br>LAURENO ALVAREZ; JOSE CHAVEZ; MELVIN PERAZA; TOMAS SALAZAR; JESUS RICO,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 2:19-CV-10808

COMPLAINT FOR DAMAGES

1. 42 U.S.C. § 1983 (False Arrest and Malicious Prosecution; Violation of Constitutional Right to Due Process Through Fabrication of Evidence; Defamation)

REQUEST FOR TRIAL BY JURY

COMES NOW, plaintiff ELIZABETH FLORES and for causes of action against defendants, and each of them, alleges:

### GENERAL ALLEGATIONS

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2. This is a complaint for money damages by Plaintiff arising under United States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of her rights, privileges and immunities secured by said statutes, and by the Fourth Amendment applicable to defendants through the Fourteenth Amendment to the United States

Constitution. Defendants, acting in their official capacity as police officers for the City of Los Angeles, conspired to violate Plaintiff's civil rights by falsely arresting and maliciously prosecuting Plaintiff for an offense which carried a life prison term, making false statements, fabricating false evidence and coercing witnesses in order to prosecute Plaintiff for said offense. Even after Plaintiff's criminal case was dismissed in its entirety, Defendant Alvarez sent a defamatory communication to the California Commission on Teacher Credentialing, causing Plaintiff's state teaching credential to be suspended—all to cover up police misconduct by fellow police officers and to retaliate against Plaintiff because their efforts to coerce guilty pleas to trumped up charges were unsuccessful.

3.   At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles and the State of California, within the Central District of this Court.

4.   The City of Los Angeles is and at all times material herein was a public entity duly organized by charter and existing as such in the State of California.

5.   At all times material herein, City of Los Angeles was responsible for the promulgation and implementation of policies, rules, regulations, and procedures for the Los Angeles Police Department and its officers, including but not limited to, hiring, training, supervision, retraining, discipline and termination.

6.   At all times material herein, Defendants Laureno Alvarez, Jose Chavez, Melvin Peraza, Tomas Salazar, and Jesus Rico were duly appointed, qualified and acting police officers employed as such by City of Los Angeles and at all times material herein, each said defendant was acting in the course and scope of such employment and under color of state law as a peace officer. Alvarez and Chavez held the rank of detective.

7.    At all times material herein, Defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other Defendant herein, and within the course and scope of such employment and agency.

## FIRST CAUSE OF ACTION

### AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)

8.    Plaintiff has been employed as an educator by the Los Angeles Unified School District for two decades. Plaintiff possesses a Bachelors Degree in Sociology from the California State University Northridge, has no record of criminal convictions whatsoever, and has always been a law-abiding citizen.

9.    On June 26, 2016, Defendant Peraza shot three bullets at the back of Ernesto Flores, Plaintiff's teenage son. Peraza was trigger happy, and unlawfully tried to kill Ernesto Flores, who was running away from police officers. Fortunately, Defendant Peraza missed. Peraza and his fellow officers then embarked on a course of action to fabricate evidence in order to justify Peraza's unlawful actions. In order to justify the use of excessive force, and cover up police misconduct, Defendants Peraza and Salazar falsely arrested Ernesto Flores for a violation of Penal Code section 245(d)(1), assault with a deadly weapon with a gang enhancement. To create false evidence to support the false arrest and fabricated charges and to incriminate Ernesto Flores, Peraza and Salazar submitted materially false police reports and affidavits and falsely testified under oath. Specifically, the officers falsely claimed that Ernesto Flores had pointed a gun at them, Based on the materially false police reports, Ernesto Flores was arrested, booked, incarcerated, and prosecuted on serious felony charges.

10. Internal Affairs began to conduct an investigation into Ernesto Flores' shooting and the officers involved in the shooting. In order to successfully justify their use of excessive force and to cover up their misconduct, Defendants needed Ernesto Flores to plead guilty to the fabricated charges. However, despite being in custody, Ernesto Flores refused to plead guilty. Then, at the behest of the Defendants, Deputy District Attorney Ed Wiley made Ernesto Flores an offer of 13 years in prison at the preliminary hearing. When Ernesto Flores rejected the offer, Wiley, working in cooperation with the Defendants, sought to add attempted murder charges. This act of vindictive prosecution was also designed to coerce Ernesto Flores into pleading guilty. However, following the preliminary hearing, the judge rejected the addition of the attempted murder charges. Moreover, at trial, video evidence which depicted the shooting, demonstrated that Ernesto Flores never pointed a firearm at any officer, and contradicted the officers' false statements was introduced by the defense. In October 2017, Ernesto Flores was acquitted by a jury of assaulting a police officer and the gang allegation. By that time, Ernesto Flores had already spent 16 months in custody.

11. However, in mid-2017, Defendants were still actively seeking to coerce a guilty plea from Ernesto Flores. In furtherance of their objective to cover up misconduct, Defendants colluded to commit perjury, and to falsely arrest and maliciously prosecute Plaintiff, Ernesto Flores' mother. Defendants conspired to violate the due process rights of Plaintiff, by falsifying police reports, sworn affidavits, and testimony to justify the false arrest, malicious prosecution and wrongful incarceration of Plaintiff.

12. On April 12, 2017, Plaintiff attended her son's preliminary hearing with family members and her minor children. She had a casual conversation with Dagoberto Castrellon and

Ernesto Lora, as Plaintiff, her family, Castrellon, and Lora waited in the public hallway outside of court. Plaintiff did not initially recognize Castrellon or Lora. In fact, Castrellon and Lora were witnesses to the shooting of Ernesto Flores. Upon witnessing Plaintiff speak to Castrellon and Lora, Defendants, at Wiley's instruction, decided to take photographs of Plaintiff and her family. Defendant Alvarez approached Plaintiff and her family in a menacing manner and proceeded to invade their personal space and take photographs of them. A family member of Plaintiff then took photographs of Alvarez. Sheriffs Deputies defused the argument and asked the parties to go their separate ways.

13. In July 2017, Defendants, along with other Los Angeles Police Department officers, raided Plaintiff's home and falsely arrested Plaintiff for battery on a peace officer with a gang enhancement and dissuading a witness with a gang enhancement. The latter charge carries a maximum term of life imprisonment. Defendants effectuated Plaintiff's arrest in force, closing off the entire residential block and deploying a SWAT team. Defendants paraded Plaintiff through her neighborhood in handcuffs. Defendants attempted to take defendant's children, including her adult son, into DCFS custody.

14. To effect Plaintiff's false arrest and malicious prosecution, Defendants swore under oath and/or conspired to swear under oath that on April 12, 2017, when Plaintiff appeared in the San Fernando Courthouse for a hearing in her son's case, Plaintiff attempted to "slap" and "grab" a cell phone out of Defendant Alvarez's hand. All of these statements were false and malicious, designed to manufacture probable cause for a warrant for Plaintiff's false arrest and malicious prosecution and for a preliminary hearing holding order.

15. To effect Plaintiff's false arrest and malicious prosecution, Defendants swore under oath and/or conspired to swear under oath that on April 12, 2017, while Plaintiff appeared in

the San Fernando Courthouse for a hearing in her son's case, Plaintiff dissuaded Castrellon. Specifically, Defendants falsely claimed that Plaintiff:

a) Showed Castrellon written transcripts of his recorded interview;

b) Told Castrellon to change his story;

c) Told Castrellon to say that he didn't see a gun;

d) Told Castrellon to lie about a crime;

e) Told Castrellon to say that them the police lied.

Defendants also falsely swore that Elizabeth Flores belonged to a gang, that Castrellon knew this, that Castrellon was afraid for his safety, that Castrellon was nervous and physically shaking, and that Castrellon was afraid to testify. All of these statements were false and malicious, designed to manufacture probable cause for a warrant for Plaintiff's false arrest and malicious prosecution and for a preliminary hearing holding order.

16.   Plaintiff did not dissuade Castrellon or Lora, Plaintiff did not belong to a gang, and neither Castrellon or Lora were afraid of Plaintiff or afraid to testify. Plaintiff never took or attempted to take Defendant Alvarez's phone.

17.   The purported battery on a police officer and the purported effort to intimidate a witness allegedly took place in a public courtroom hallway, in full view of video surveillance, and in the presence of a large group of police officers and deputy sheriffs. However, Defendant Alvarez stated in his police report that "due to the ongoing court proceedings, an arrest was not made at the time of this incident." In fact, Defendants waited three months before initiating the false arrest and malicious prosecution of Plaintiff.

18.   Defendants intimidated, pressured and coerced Castrellon to state that Plaintiff had dissuaded him, that he was afraid of Plaintiff, that he believed that Plaintiff belonged to a

gang, and that he was afraid to testify. All of these allegations were false and were fabricated by Defendants.

19.    Similarly, Defendants intimidated, pressured and coerced Lora to state that Plaintiff had dissuaded him, that he was afraid of Plaintiff, that he believed that Plaintiff belonged to a gang, and that he was afraid to testify. All of these allegations were false and were fabricated by Defendants. In a recorded statement, despite Defendants' efforts at coercion, Lora specifically stated that Plaintiff did not dissuade him or Castrellon on April 12, 2017 in the courthouse hallway. However, Defendants failed to include this information in their sworn statements, which were made to fabricate probable cause for Plaintiff's arrest and prosecution.

20.    Castrellon and Lora were actually witnesses favorable to Ernesto Flores; neither observed Flores point a firearm at a police officer. However, Defendants failed to include this information in their sworn statements, which were made to fabricate probable cause for Plaintiff's arrest and prosecution.

21.    Wiley, working with the Defendants, filed felony charges of battery on a peace officer with a gang enhancement and dissuading a witness with a gang enhancement against Plaintiff. The latter charge carries a maximum term of life imprisonment. Plaintiff was held in custody on $1,165,000 bond, until a Superior Court Judge reduced her bail and released her from custody.

22.    Plaintiff endured criminal prosecution, until all of her charges were dismissed by a Superior Court Judge on December 21, 2017. The dismissal occurred after Plaintiff brought a motion to dismiss for vindictive prosecution.

23.  Three months after Plaintiff's case was dismissed, on March 16, 2018, Defendant

Alvarez sent the following written communication about Plaintiff to the California

Commission on Teacher Credentialing in Sacramento:

*Affidavit of Laureno Alvarez*

*I, Laureno Alvarez, declare that I have personal knowledge of the acts of misconduct by Elizabeth Flores:*

*See attached arrest/crime reports detailing gang related criminal investigations. LASD monitored jail recordings to this residence revealed patterns of narcotics usage (meth) in residence where small children living. LASD monitored jail recordings indicate indoctrination of small child in gang-related sub-culture & behaviors involving violence and threats of violence.*

*I certify under penalty of the perjury of the laws of California that I have the foregoing statement of facts and know its contents, and that it is true and correct.*

*Dated: 3/16/2018            Signed: Laureno Alvarez*
                              _____
                              *Signature of Complainant*

Defendant Alvarez attached a copy of his arrest report of Plaintiffs, which contained the

multiple false statements cited infra.

24.  Each and every one of the statements described in the preceding paragraph were false and

defamatory, and Alvarez knew that they were false. Also, in submitting his police report,

Defendant Alvarez suggested that Plaintiff was involved in an ongoing criminal

prosecution. Defendant Alvarez intentionally omitted the fact that the criminal case he

caused to be filed against Plaintiff had been dismissed after defense had brought a motion

alleging vindictive prosecution.

25.  Defendant Alvarez knew that Plaintiff was employed as an educator and was specifically

seeking to interfere with her employment. Alvarez acted under color of law and abused

his power and position with the City of Los Angeles and Los Angeles Police Department

in order to defame Plaintiff. Alvarez made the statements with malicious intent, namely, in order to retaliate against Plaintiff, defame her and cause her to be denied her state education credential and deprive her of her gainful employment.

### A. FALSE ARREST AND MALICIOUS PROSECUTION UNDER SECTION 1983

26. Plaintiff realleges Paragraphs 1 through 25, as though set forth herein verbatim.

27. Defendants falsely arrested and falsely imprisoned Plaintiff without reasonable or lawful justification.

28. The prosecution of Plaintiff was commenced by or brought at the direction of Defendants.

29. The prosecution of Plaintiff was pursued to a legal termination favorable to Plaintiff.

30. The prosecution of Plaintiff was brought without probable cause.

31. The prosecution of Plaintiff was initiated with malice.

32. Defendants' false and malicious arrest, prosecution, and imprisonment of Plaintiff, all were conducted for the purpose of violating and did violate plaintiff's civil rights, specifically her right to be free of unreasonable searches and seizures, the issuance of warrants without probable cause and the deprivation of liberty and property without due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### B. VIOLATION OF DUE PROCESS RIGHTS UNDER SECTION 1983 THROUGH FALSE STATEMENTS, FABRICATION OF EVIDENCE AND MANUFACTURE OF PROBABLE CAUSE

33. Plaintiff realleges Paragraphs 1 through 32, as though set forth herein verbatim.

34. There was no probable cause or other lawful basis for Plaintiff's arrest, prosecution or imprisonment. Defendants knew this, but nevertheless committed perjury, fabricated

evidence, and coerced witnesses in order to manufacture probable cause for Plaintiff's arrest, prosecution and imprisonment.

34.     Plaintiff possessed a clearly established constitutional due process right to be free from the knowing presentation of false or perjured evidence in a criminal prosecution. (See *Devereaux v. Perez*, 218 F.3d 1045, 1055 (9th Cir. 2000); *Gobel v. Maricopa County*, 867 F.2d 1201, 1205 (9th Cir. 1989).

### C. DEFAMATION UNDER SECTION 1983 BY DEFENDANT ALVAREZ

35.     Plaintiff realleges Paragraphs 1 through 34, as though set forth herein verbatim.

36.     Defendant Alvarez made a false statement of purported fact about Plaintiff.

37.     The statement was made and published to a third party, namely, the California Commission on Teacher Credentialing in Sacramento:

38.     Defendant Alvarez did so negligently, recklessly or intentionally; and,

39.     As a result of the statement, Plaintiff's reputation was damaged.

40.     Plaintiff possessed a clearly established constitutional due process right to be free from defamation where the charge impaired a citizen's reputation for honesty or morality; where there is public disclosure of the charge, where the injury to reputation caused the denial of a federally protected right; and where the injury to reputation was made in connection with a federally protected right. See *Vanelli v. Reynolds School District No. 7*, 667 F.2d 773, 777-78 (9th Cir. 1982).

41.     Specifically, Plaintiff had a property right to practice her occupation, and to maintain her state license. Defendant Alvarez's defamatory letter to the California Commission on Teacher Credentialing caused the suspension/denial of her state teaching credential, and

inability to practice her profession. See *Board of Regents v. Roth,* 408 U.S. 564, 573 (1972).

42.   Additionally, the defamatory statements were made in connection with an illegal and unconstitutional arrest and prosecution. See *Gobel v. Maricopa County*, 867 F.2d 1201, 1205 (9th Cir. 1989); *Stevens v. Rifkin,* 608 F.Supp. 710, 726-27 (N.D.Cal.1984).

43.   As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered palpable harm, where she endured arrest, incarceration and criminal prosecution.

44.   As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has suffered and will continue to suffer mental pain, fear, anguish, torment, anxiety, humiliation, depression and emotional distress, all proximately resulting in some permanent impairment, disability and damage, according to proof.

45.   As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred and will continue to incur attorney fees, bail premiums, medical expenses, loss of employment, future loss of employment and other special and incidental expenses, according to proof.

46.   The aforementioned acts and omissions of Defendants, and each of them, were despicable and outrageous, warranting the imposition of punitive and exemplary damages, as said acts were committed by Defendants and each of them knowingly, willfully, and maliciously, and with the intent to oppress Plaintiff because of her assertion of her constitutional rights, or in reckless disregard for Plaintiff's civil rights, and in order to cause her injuries and the loss of his aforesaid constitutional rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount

sufficient to deter others from such conduct and to make an example of said individual defendants.

47.   By reason of the aforementioned acts and omissions of defendants, Plaintiff requests payment by Defendants of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

**WHEREFORE**, plaintiff, prays for judgment against these defendants and each of them, as follows:

1. For general damages, according to proof;

2. For special damages for medical and related expenses, according to proof;

3. For punitive damages against the individual defendant(s), as allowed by law;

4. For reasonable attorney's fees pursuant to Title 42, United States Code, Section 1988;

5. For plaintiff's costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: December 21, 2019                    LAW OFFICES OF ELLIOTT N. TIOMKIN


                                            BY:     /s/ Elliott N. Tiomkin
                                                    _____
                                                    ELLIOTT N. TIOMKIN
                                                    Attorneys for Plaintiff, Elizabeth Flores

### REQUEST FOR TRIAL BY JURY

Plaintiff Elizabeth Flores hereby requests a trial by jury of the within action.

DATED: December 21, 2019                    Respectfully submitted,

                                            LAW OFFICES OF ELLIOTT N. TIOMKIN

                                            BY:     /s/ Elliott N. Tiomkin
                                                    _____
                                                    ELLIOTT N. TIOMKIN
                                                    Attorneys for Plaintiff, Elizabeth Flores